**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000351
25-SEP-2018
10:46 AM**

NO. CAAP-18-0000351


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FOOD PLANNING SERVICE HAWAII, INC.,
Plaintiff-Appellee,
v.
SU SEND CHANG TRAN, dba SWEET HOME AUNTY;
VANG VAN TRAN and CHIH CHIEH CHANG,
Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and
DOE GOVERNMENTAL UNITS 1-20, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0750-04 (JPC))


ORDER GRANTING JUNE 4, 2018 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-18-0000351 FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of (1) Plaintiff-Appellee Food Planning Service Hawaii, Inc.'s (Food Planning Service Hawaii), June 4, 2018 motion to dismiss appellate court case number CAAP-18-0000351 for lack of appellate jurisdiction, (2) the three July 6, 2018 memoranda by Defendants-Appellants Su Send Chang Tran, dba Sweet Home Aunty, Vang Van Tran and Chih Chieh Chang (the Defendants) in opposition to Food Planning Service Hawaii's June 4, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over the Defendants' appeal from the

Honorable Jeffrey P. Crabtree's March 22, 2018 interlocutory order denying the Defendants' January 25, 2018 motion for leave to file a third-party complaint in Civil No. 16-1-0750-04 (JPC), because the circuit court has not yet entered a final judgment.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Hawai'i Rules of Civil Procedure (HRCP) Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. Duvauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On June 13, 2018, the circuit court clerk filed the record on appeal for appellate court case number CAAP-18-0000351, which does not include a final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the March 22, 2018 interlocutory order does not satisfy the requirements for appealability under the Forgay

doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-18-0000351.

Granted, the Supreme Court of Hawai'i recently held that, when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, the Hawai'i Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties. Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017). However, the holding in Waikiki is distinguishable from the instant case, because the circuit court in the instant case has not yet adjudicated Food Planning Service's eight-count April 19, 2018 first amended complaint against the Defendants, which is still pending before the circuit court. Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable final judgment on all claims is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki. In the absence of an appealable final judgment as to all claims and parties, the Defendants' appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Food Planning Service Hawaii's June 4, 2018 motion to dismiss this appeal is granted, and appellate court case number CAAP-18-0000351 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **September 25, 2018.**

Presiding Judge

Associate Judge

Associate Judge